IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Larry L. Shafer,**             :

    **Plaintiff,**          :

    **v.**                  :    Case No. 2:10-cv-1181

**Commissioner of Social Security,**   :    **JUDGE ALGENON L. MARBLEY**
                                            Magistrate Judge Kemp

    **Defendant.**          :

## OPINION AND ORDER

Plaintiff, Larry L. Shafer, filed this action seeking review of a decision of the Commissioner of Social Security denying his application for a period of disability and social security disability benefits. In a Report and Recommendation filed on October 20, 2011, the Magistrate Judge recommended that the Commissioner's decision be affirmed. Plaintiff has filed objections to that recommendation, and the Commissioner has responded. For the following reasons, the objections will be overruled and this case will be dismissed.

### I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b) (1); *see also* Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

The Court's review of the underlying decision "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable

mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009), quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## II.

Plaintiff does not take issue with the way in which the hearing testimony, medical records, or ALJ's decision was summarized in the Report and Recommendation, and the Court will repeat that information only briefly. Plaintiff, who was 43 years old when his insured status expired on December 31, 2007, is a high school graduate. His most recent employment was as a driveway paver and tire mechanic, but he had also worked for a long time manufacturing Air Stream trailers.

Plaintiff claims a psychological disability. The records show that he had been treated for bipolar disorder for some time. His treating health care provider, Dr. Rhee, reported that plaintiff had a number of psychologically-based conditions, including bipolar disorder with mixed features, a history of ADHD, an anxiety disorder, a history of heavy drinking, and a history of marijuana use. He described plaintiff's attention and concentration as "short" and noted that plaintiff had no motivation. Dr. Schulz, a consultative examiner, found that plaintiff had some moderate psychological limitations, but none which would prevent him from working. Other treating sources provided a more pessimistic view of his abilities, but their opinions related to time periods well after plaintiff's insured status lapsed.

The ALJ concluded that as of December 31, 2007, plaintiff suffered from bipolar disorder and borderline intellectual functioning. These impairments limited him to performing only simple, unskilled, low stress work without assembly line production quotas and with only minimum contact with the general public, coworkers, and supervisors. A vocational expert testified that someone with plaintiff's ability could do a fair number of different jobs. Based on that, the ALJ did not find him to have been disabled as of December 31, 2007. The Magistrate

Judge recommends upholding that decision on the basis that it is supported by substantial evidence.

### III.

Plaintiff's objection focuses on the way in which the ALJ treated Dr. Rhee's opinion. To put this objection in context, on December 19, 2006, the Social Security Administration sent Dr. Rhee a letter noting that his patient had applied for benefits on the basis of a number of claimed impairment, and asking that Dr. Rhee submit either a report or copies of his office records. In response, Dr. Rhee completed a report form stating that he had treated plaintiff between the dates of May 27, 2005 and August 5, 2006. He listed plaintiff's diagnoses as "1. Bipolar/Mixed; 2. Hx of ADHD; 3. Anxiety Disorder, NOS; 4. History of heavy drinking; 5. History of smoking pot." As symptoms, he recited that plaintiff was "Depressed, angry, short tempered, very irritable, no interest, no motivation, hypersomnia, very anxious, paranoid feelings, insomnia, crying spells, mood swings, racing thoughts, can't focus, decreased appetite." The report left blank a question where Dr. Rhee was to describe any pertinent findings about plaintiff's condition, and Dr. Rhee stated that the file did not contain any consultative or diagnostic test results. Dr. Rhee listed plaintiff's medications, noting that the effectiveness of these medicines and plaintiff's compliance with taking them both fluctuated; indicated that plaintiff had turned down a suggestion of counseling because it was too far to drive; and said that plaintiff's wife was demanding that Dr. Rhee prescribe other medication.

The last question on the form asked Dr. Rhee to describe how plaintiff's impairment limited his work ability. The answer, quoted verbatim, is: "Orientation x 3 memory intact; cognitive ability fund of knowledge > Average; attention and concentration - short; No motivation." Plaintiff's prognosis was "Guarded." Administrative Record, at 287.

Plaintiff argues that this opinion "supports a finding of disability." Objection, Doc. #17, at 1. He contends that the ALJ's failure either to mention it, or give reasons for discounting it, was error. Although plaintiff concedes that Dr. Rhee's response to the Social Security Administration's inquiry did not state specifically that plaintiff was unable to work, he argues that the symptoms listed by Dr. Rhee would prevent plaintiff from maintaining the type of regular attendance, attention, concentration, and independent functioning that are needed to work competitively. He concludes that the only adequate remedy for the ALJ's failure to comment on

this report is to remand the case so that the ALJ can properly consider it.

The Commissioner's response to this objection is that the ALJ's decision shows that, indeed, Dr. Rhee's report was considered. Further, the Commissioner argues that it is not a report of disability, but rather a listing of symptoms and limitations which is most significant for its identification of two items which might impact the ability to work: short attention and lack of motivation. The Commissioner argues that these limitations, to the extent that they were relevant, were included in the ALJ's determination of plaintiff's residual functional capacity, and that the ALJ therefore did not commit any error in determining that plaintiff was not entitled to benefits.

It is true that Dr. Rhee's report is summarized in the ALJ's decision (Record, at 45). It was one of the pieces of evidence the ALJ relied on in finding that plaintiff had severe impairments. It is also mentioned in the section of the administrative decision in which the ALJ concluded that plaintiff had the residual functional capacity to work at all exertional levels but was limited to simple, unskilled, low stress work without assembly line quotas and with only minimal contact with the general public, coworkers and supervisors. In particular, the ALJ had this to say: "In January 2007 Dr. Rhee opined claimant had a short attention span and no motivation .... This opinion has been given weight and has been considered when developing the above residual functional capacity because it is consistent with the record as a whole." (Record, at 51). The ALJ then went on to discuss other aspects of Dr. Rhee's report, including the comments about the effectiveness of plaintiff's medications and his compliance, the fact that plaintiff had declined counseling, and the fact that his memory was intact and his cognitive ability was average. Id. Taking this and other evidence, including the report of the consultative examiner, Dr. Schulz, and the state agency reviewers into account, as well as notes from another treating source, Dr. Kauffman, the ALJ arrived at his determination of plaintiff's residual functional capacity.

The record simply does not support plaintiff's primary argument that the ALJ did not mention Dr. Rhee's report. It was mentioned, summarized, discussed, and weighed. The ALJ did credit portions of it because they were consistent with other evidence in the record, and imposed a functional limitation consistent with someone whose attention span is limited. The ALJ did not believe plaintiff could work in an environment where the work was high stress,

involved meeting production quotas, or required frequent interaction with others.

It is not clear how a remand to the ALJ for further consideration of Dr. Rhee's report would add anything to the administrative decision-making process. It appears that plaintiff's argument is not so much that the report was not read or considered by the ALJ, but that the ALJ did not incorporate all of the symptoms described in the report into the residual functional capacity finding, and did not explain why some of them were left out. However, as is evident from the administrative decision, the ALJ did focus on the limitations section of the report (as opposed to the more lengthy list of symptoms) in deciding how to factor it into the residual functional capacity determination. That focus appears reasonable given that the last question on the form was the only one which specifically asked Dr. Rhee to "describe any limitations his/her [that is, the patient's] impairment(s) imposes on the ability to perform sustained work activity."

As the Commissioner's response to plaintiff's objection points out, quoting *McClanahan v. Commissioner of Social Sec.*, 2011 WL 691365, *10 (S.D. Ohio Jan, 20, 2011), *adopted and affirmed* 2011 WL 672059 (S.D. Ohio Feb. 16, 2011), "a mere diagnosis or catalogue of symptoms does not indicate functional limitations caused by the impairment." In other words, as the Court of Appeals observed in *Young v. Sec'y of HHS*, 925 F.2d 146, 151 (6th Cir. 1990), which was cited in *McClanahan*, the mere diagnosis of a disorder is not the equivalent of having a disability. Something more - that is, evidence of the way in which the disorder affects the claimant's ability to work - is needed. *See also* 20 C.F.R. §404.1513, indicating that the Commissioner will consider, in deciding if an impairment is disabling, statements about "what you can still do despite your impairment(s)."

Here, plaintiff appears to argue that it is self-evident that someone with the symptoms listed by Dr. Rhee could not work. The flaw in that argument is that Dr. Rhee did not say that. When he evaluated the severity, rather than the mere presence, of plaintiff's symptoms, Dr. Rhee imposed only certain limitations on plaintiff's ability to work, and the ALJ accepted them along with other evidence about plaintiff's limitations. At bottom, plaintiff's argument can be distilled to the proposition that the only reasonable construction of Dr. Rhee's report is that plaintiff cannot work, and that the only reasonable option open to the ALJ was to accept such an opinion at face value. The Court does not agree with either of these assertions. The objection therefore lacks merit.

## IV.

For all of these reasons, and after a *de novo* review of those portions of the Report and Recommendation to which plaintiff objected, the Court **OVERRULES** the objections (#17) and **ADOPTS AND AFFIRMS** the Report and Recommendation (#16). The plaintiff's statement of specific errors (#14) is **OVERRULED** and this case is **DISMISSED**. The Clerk is directed to enter judgment in favor of the defendant.

**IT IS SO ORDERED.**

     s/Algenon L. Marbley
**Algenon L. Marbley**
**United States District Judge**

**DATED: February 3, 2012**